# STATE OF VERMONT

SUPERIOR COURT

ENVIRONMENTAL DIVISION
Docket No. 22-3-15 Vtec

## Gingras Act 250 Permit Amendment Application

## ENTRY REGARDING MOTION

Count 1, Act 250 District Commission Decision (22-3-15 Vtec)

Title:         Motion to Join ANR (Motion 12)

Filer:         Michael Gingras

Attorney:     Eric G. Parker

Filed Date:    January 30, 2018

Response filed on 01/31/2018 by Attorney Peter J. Gill for the Vt. Natural Resources Board

Response filed on 01/31/2018 by Attorney Elizabeth Lord for the Agency of Natural Resources

**The motion is DENIED as Premature.**

By the pending motion, Appellee/Applicant Michael Gingras ("Applicant") seeks an order from this Court, compelling the Vermont Agency of Natural Resources ("ANR") to join as a party in this appeal, which concerns Applicant's efforts to secure an amendment to his existing Act 250 permit. While issues concerning the discharge of stormwater and treated wastewater from Applicant's proposed improved project may have relevance to our determination of whether the proposed improvements conform to various Act 250 criteria, we do not understand that those possible facts justify compelling ANR to participate in this Act 250 appeal.

Applicant initially believed that his proposed improvements did not require an ANR indirect discharge permit. Last year, however, after disclosing his revised plans to ANR, the Agency determined that an indirect discharge permit would be required. Applicant thereafter sought to submit the appropriate application and supporting documents. ANR requested additional documentation and is now in the process of determining whether Applicant's discharge permit application materials are complete and warrant a permit being issued.

As clarified by ANR, its review process includes a time for public comment before ANR issues a final permit. That determination may then be appealed to this Court. If such an appeal is filed, concepts of judicial economy and efficiency may warrant that future appeal being coordinated for trial with this pending Act 250 appeal. But since that possible second appeal has not been filed with this Court, determining now whether coordination is appropriate amounts to premature speculation.

We respect the statutory party status rights that ANR enjoys in appeals of its permit determinations; we appreciate their involvement when such matters are appealed to this Court, due to the expertise that ANR officials bring to the proceedings.  However, the decision of whether to join in permit litigation is discretionary with ANR.  We have not been presented with facts that would cause us, at this juncture, to regard ANR as a necessary party under V.R.C.P. 19.  To the extent that Applicant's motion requests permissive joinder pursuant to V.R.C.P 20, we do not understand that Rule to allow a trial court to compel joinder of a permissive party.

For all these reasons, Applicant's motion to compel ANR to join as a party in the pending Act 250 appeal is **DENIED** at this time, but may be renewed if and when a second appeal is brought concerning Applicant's proposed improvements.  To the extent that ANR chooses to voluntarily join this or any future appeal concerning Applicant's project, we welcome their participation.

**So Ordered.**

Electronically signed on February 01, 2018 at Newfane, Vermont, pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Superior Judge
Environmental Division

Notifications:
Joseph F. Obuchowski (ERN 4591), Attorney for Appellant Edward Baker
Eric G. Parker (ERN 3626), Attorney for Appellee/Applicant Michael Gingras
Peter J. Gill (ERN 4158), Attorney for the Vermont Natural Resources Board
Elizabeth Lord (ERN 4256), Attorney for the Vermont Agency of Natural Resources